SCHRAM v. RUDNICK et al.

(Supreme Court, Appellate Term. March, 1902.)

CONTINUANCE—BILL OF PARTICULARS—OBJECTIONS—LACHES.

Where, in an action by an agent for commissions, no objections to the sufficiency of a bill of particulars are taken until three weeks after the filing thereof, and no reason given for the delay, a postponement of the trial is properly denied.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Harry Schram against Jacob Rudnick and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

Isidor Cohn, for appellants.

N. S. Levy, for respondent.

GREENBAUM, J. Defendants appeal from a judgment for $95.80 damages and costs rendered against them in the municipal court in an action brought by the plaintiff for commissions as salesman. Appellants' counsel presents an elaborate brief, urging error in two particulars, viz.: First, that there is a fatal variance between the pleadings and the proof; and, second, that the court erred in denying a motion for an adjournment on the ground that it appeared that the bill of items filed by plaintiff was insufficient.

The plaintiff testified positively that he sold goods for the defendants amounting to $10,423.03; that the commission as agreed, at 8 per cent., amounted to $833.84; that he had received $755.31; and that the balance, $78.39, had not been paid. These were all facts peculiarly within the knowledge of plaintiff, and it is difficult to comprehend how, upon such testimony, it should be urged that there is a fatal variance between the pleadings and the proof. Respecting the second point raised, it appears that a bill of particulars was filed on March 7, 1901, giving the items precisely as established on the trial, and that on the day of the trial, March 29, 1901, three weeks after the filing of the bill, defendants claimed that it was insufficient, in not stating the names of persons to whom the goods were sold, or the kind of goods sold, and for these reasons they moved for a postponement of the trial. The justice very properly denied the motion, as no explanation for the laches of defendants in asking for a further bill is disclosed. The difficulty with this case is one that is unfortunately common to many causes submitted to this tribunal for review. Instead of being fully prepared to try a case, the parties come to court apparently without any preparation. It would certainly appear to have been an exceedingly simple matter for the defendants in this case to produce their books, and show what goods the plaintiff sold for them. It would also have been a very easy matter for appellants to cross-examine plaintiff respecting the items making up the sales he claimed to have made, and thus probe the accuracy of the figures. Not the slightest attempt was made to ascertain how plaintiff reached the sum of $10,423.03. Appellate courts are not devised as aids to counsel who either fail to properly prepare for trial, or to properly try their cases.

Judgment affirmed, with costs. All concur.